FILED

MAR 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30208 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05530-BHS-1 |
| v. | |
| RONDELL LOVE LEETH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 9, 2012[**]
Seattle, Washington

Before: PAEZ and MURGUIA, Circuit Judges, and TUCKER, District Judge.[***]

Appellant Rondell Love Leeth's supervised release was revoked for use of

marijuana. Leeth appeals the district court's admission of the telephonic testimony

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Josephine Staton Tucker, United States District Judge for the Central District of California, sitting by designation.

of a technician from the laboratory that tested Appellant's urine samples and reported positive results. Appellant asserts that the admission of this testimony violated his due process right to confrontation under *Morrissey v. Brewer*, 408 U.S. 471 (1972), and that the district court erred by failing to engage in the balancing required under *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). Whether a defendant has received due process at a revocation hearing is a mixed question of law and fact that we review de novo. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). "A due process violation at a revocation proceeding is subject to harmless error analysis." *Id.* (internal quotation marks omitted). We do not recite the facts here as they are known to the parties. We affirm.

"[E]very releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *Comito*, 177 F.3d at 1170 (citing *Morrissey v. Brewer*, 408 U.S. at 489); *see also* Fed. R. Crim. P. 32.1(b)(2)(C) (providing that a releasee is entitled to "an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear"). When the releasee claims he has been denied the opportunity to confront an adverse witness, we balance the releasee's right to confrontation against the Government's good cause for denying it. *United States v. Martin*, 984

2

F.2d 308, 310 (9th Cir. 1993).  This balancing process is required when, as here, the admission of testimony at a revocation hearing implicates the releasee's interest in full confrontation of an adverse witness, including the opportunity to observe the witness's demeanor.  *Cf. Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1185-86 (9th Cir. 2000) (rejecting due process claim regarding admission of telephonic testimony at a deportation hearing after weighing the competing interests of alien and government).

We need not, and do not, decide here whether the telephonic testimony was hearsay.  Even if it was not, we hold that *Comito* balancing was required in this case because the telephonic testimony implicated Leeth's interest in full confrontation.  The district court erred by failing to engage in the requisite balancing of Leeth's right to confrontation against the Government's good cause for failing to produce the technician in court.  *Comito*, 177 F.3d at 1170.  However, "[w]e still must review the underlying question to determine if [Leeth's] confrontation rights were violated." *Id.*  Here, the importance of Leeth's interest in confrontation was significantly lessened by his opportunity to cross-examine the technician via telephone.  Additionally, the scientific nature of the technician's testimony permitted a credibility determination based on her credentials as opposed to her demeanor.  Moreover, the telephonic testimony was not critical to the

3

outcome of the hearing as the laboratory testing was merely confirmatory of prior testing by the United States Probation Office.  For its part, the Government cited two reasons for introducing telephonic testimony: (1) the distance between the technician's location, Richmond, Virginia, and the place of the hearing, Seattle, Washington; and (2) the interruption to the technician's work.  On balance, the Government's good cause in failing to produce the technician in court outweighed Leeth's weak interest in in-person confrontation of the technician.  Although the district court committed error by failing to engage in the requisite balancing, this error was harmless, as Leeth's due process rights were not violated by the introduction of telephonic testimony.

Finding that exceptional circumstances are present, we order that the mandate shall issue forthwith.  *See* Fed. R. App. P. 41(b); 9th Cir. R. 41-1 Advisory Committee Note.

**AFFIRMED**.